IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**EDWARD EARL STRUM**
**PHYLLIS DALE STRUM**

     Debtors.        Case No.: 03-08313-8-JRL

**EDWARD EARL STRUM, ET AL.**

     Plaintiffs,

vs.              Adversary Proceeding No.:
                05-00233-8-AP

**BRANCH BANKING & TRUST COMPANY,**

     Defendant.

---

## ORDER

This matter is before the court on the defendant's motion for summary judgment. On January 10, 2006, the court conducted a hearing in Wilson, North Carolina.

### UNDISPUTED FACTS

1. The plaintiffs filed a Chapter 13 petition on September 24, 2003.

2. The defendant filed a proof of claim in their case in the amount of $104,142, secured by a first deed of trust on the plaintiffs' real property located in Elm City, North Carolina (the "property").

3. The defendant filed a second proof of claim in their case in the amount of $9,409, secured by a

1

second deed of trust on the property.

4. The plaintiffs' Chapter 13 plan was confirmed on April 30, 2004.

5. In the plan, the plaintiffs propose to make payments to the defendant directly on the claim secured by the second deed of trust until a valuation hearing.

6. The defendant has filed an affidavit of a certified appraiser, Connie Batts, who concludes that the fair market value of the property as of September 24, 2003 was $114,000.

7. The plaintiffs have filed an affidavit of a certified appraiser, Alan Howard, who concludes that the fair market value of the property as of December 29, 2005 was $94,000.

## PROCEDURAL HISTORY

On July 18, 2005, the plaintiffs filed a complaint against Branch Banking & Trust Company ("BB&T") to value its collateral. The complaint seeks to treat the claim secured by the second deed of trust as unsecured pursuant to 11 U.S.C. § 506. The plaintiffs assert that the fair market value of the property is $88,360 and therefore, the first deed of trust completely subsumes the value of the property. Pursuant to § 506(d), the lien securing said claim is void.

On August 10, 2005, the defendant filed an answer that contained five affirmative defenses.[1] In its answer, BB&T asserted that the value of the property exceeds the amount of the first mortgage. Thus, the plaintiffs were prohibited from modifying the terms of the second mortgage pursuant to 11 U.S.C. § 1322(b)(2). Additionally, the defendant contends that the equitable doctrine of laches prevents the plaintiffs from obtaining the relief requested as this action was filed over a year after

---

[1] The defendant's answer contains five affirmative defenses but only two defenses were asserted by the defendant at the hearing on the motion for summary judgment.

2

confirmation of the Chapter 13 plan.

On December 12, 2005, the defendant filed this motion for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. The defendant asserted there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. In support of its motion, the defendant submitted the affidavit of Connie Batts and Grace Tucker, an employee of BB&T's bankruptcy department.

On December 28, 2005, the plaintiffs filed a memorandum in opposition to the motion for summary judgment. In the memorandum, the plaintiffs asserted that there is a genuine issue of material fact because the plaintiffs valued their property at $88,360 and the defendant has asserted the value is higher. While the plaintiffs are not certified appraisers, they are competent to testify as to the value of their property through personal knowledge and observations. Also, the appraisal completed by the defendant shows the alleged value of the property over two years ago. The plaintiffs argue that the value of property, particularly manufactured homes, is subject to change over time. They request that summary judgment be denied.

## STANDARD OF REVIEW

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

A party seeking summary judgment "has the initial burden" of showing a lack of evidence to support the nonmoving party's case. Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995). Once the party has done this, the nonmoving party "must go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324.

At the hearing, the defendant asserted that no appraisal had been completed and submitted by the plaintiffs in this adversary proceeding. As such, there was no genuine issue of material fact as to the value of the collateral. The defendant also asserted the defense of laches based on the plaintiffs delay in filing this action after the plan was confirmed.

The plaintiffs argued that they testified to the value of their property in their Chapter 13 petition and arranged for a certified appraiser to inspect the property. Due to the holidays, they were unable to receive his appraisal before the hearing. Additionally, plaintiffs' counsel apologized for his delay in bringing this action and asked the court for leniency. In response, the defendant's counsel agreed not to prosecute the motion on the basis of the doctrine of laches.

The court declined to rule on this motion until a copy of the appraisal completed for the plaintiffs was filed. The court took the matter under advisement and gave the plaintiffs a week to supplement the record. On January 17, 2006, the plaintiffs filed an affidavit of Alan Howard, a certified appraiser, valuing the property at $94,000.

## CONCLUSION

Based on the foregoing, the court finds that the affidavit of Alan Howard is evidence supporting the

plaintiffs' case. The two contradictory appraisals create a genuine issue of material fact. As such, the defendant has not met its burden pursuant to Rule 7056. Accordingly, the motion for summary judgment is denied.

**So Ordered.**

**Dated: January 24, 2006**

J. Rich Leonard
United States Bankruptcy Judge

5